

FILED
NOV 25 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEROY WHORTON,

    Plaintiff,

v.    ACTION NO. 2:09cv411

TRAWLER KELSEY NICOLE,
INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered October 30, 2009.

This case was referred for a Report and Recommendation for the disposition of Leroy Whorton's ("Whorton's") Motion for Default Judgment. [Doc. No. 6]. The Court recommends ENTERING judgment by default in favor of Whorton against the defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure, in an amount to be determined upon the date of final judgment based on, the outstanding principal of $107,459.25, multiplied by the note's default interest rate of 9% per annum, plus attorney's fees of $4,097.84. Furthermore, the Court recommends, per the terms of the note, that interest continue to accrue on the unpaid principal and interest at a rate of 9% per annum in lieu of the standard judgment interest rate.

## I. PROCEDURAL HISTORY

1

On August 18, 2009, Whorton filed a Complaint against Trawler Kelsey Nicole, Inc., ("Trawler") and Charles D. Sawyer, Jr. ("Sawyer"). Dennis Phillips, private process server, served a copy of the Complaint and summons upon the defendant Sawyer on August 29, 2009. The return of service was also filed on August 29, 2009. Service of process was not served upon the defendant Trawler until October 3, 2009. This return of service was filed on October 3, 2009. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, defendants had twenty days from service to file an answer or responsive pleading. As of the filing of this Report and Recommendation, defendants have not filed an answer or responsive pleading.

The Clerk entered default against defendant Sawyer on September 25, 2009, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On September 22, 2009, Whorton filed his Motion for Default Judgment as to all defendants. [Doc. No. 6]. Service of process was not originally proper upon Trawler, however, and as a result, Whorton did not file a Request for Entry of Default until October 28, 2009 as to that defendant. [Doc. No. 13]. As of the filing of this Report and Recommendation, neither defendant has filed any response to the motion. On October 30, 2009, the case was referred to the undersigned Magistrate Judge to conduct a hearing and prepare a Report and Recommendation on the disposition of the Motion for Default Judgment. Accordingly, the Court held a hearing on November 18, 2009. Thomas S. Berkley, Esq., represented Whorton. Defendants Trawler and Sawyer did not appear or participate. The Official Court Reporter was Sue Ash.

## II. FINDINGS OF FACT

Upon default, the facts alleged in the Complaint are deemed admitted. Following a full review of the pleadings and exhibits, the Court finds that Whorton has established the following by

a preponderance of the evidence.

On January 18, 2007, Sawyer, individually, and as President of Trawler Kelsey Nicole, Inc., endorsed a promissary note to repay Whorton $117,050.00 plus 6% per annum from September 21, 2005. (Compl. ¶ 6). Plaintiff advanced $117,050.00 to Defendants after endorsement of the aforementioned note. (Compl. ¶ 7). The promissory note required 71 equal payments of $2,204.84 beginning February 1, 2008 and continuing on the first of each month until paid in full. (Compl. ¶ 8). The promissory note allowed for the acceleration of the entire balance of the promissory note upon defendants' failure to make a timely payment. (Compl. ¶ 9). The promissory note provided an interest rate of 9% per annum for the accelerated remaining balance. (Compl. ¶ 10). The promissory note provided for the recovery of all costs of collections, including reasonable attorney fees. (Compl. ¶ 11). Beginning in October of 2008 and continuing through April of 2009 (with the exception of December 2008), the defendants made untimely payments on the note, constituting a default of the note terms. (Compl. ¶¶ 12-17).

At the hearing on November 18, 2009, Whorton, testified that the total amount due him by the defendants was $121,917.34. Whorton specified that this amount, calculated on October 29, 2009, the day after his Request for Entry of Default, was the sum of: (a) the principal balance outstanding on the note, $107,459.25; (b) interest owed on the note (to that date), $10,360.25 (Default Judgment Hearing of November 18, 2009, Ex. D); and (c) attorney's fees of $4,097.84 (Default Judgment Hearing of November 18, 2009, Ex. C). Whorton further testified that interest continues to accumulate at the rate of 9% per annum, in accordance with the note terms, until the principal and interest are paid in full.

### III. DISCUSSION OF DEFAULT JUDGMENT

3

Rule 55(a) of the Federal Rules of Civil Procedure provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Judgment by default is appropriate in this case where the defendants failed to file an answer or responsive pleading to the Complaint or Motion for Default Judgment, and failed to make any appearance in the case. Whorton proved by a preponderance of the evidence damages in an amount to be determined upon the date of final judgment based on, the outstanding principal of $107,459.25, multiplied by the note's default interest rate of 9 % per annum, plus attorney's fees of $4,097.84. At a minimum, on October 29, 2009 this equaled $121,917.34. However, as the date of final judgment is uncertain, this amount will be increased by the accrual of additional interest from the period after October 29, 2009 until the date final judgment is ordered.

Additionally, as specified in the terms of the note, and as requested by counsel for Whorton at the hearing on November 18, 2009, the Court recommends the accrual of additional interest at a rate of 9% until the principal and balance are paid in full. This includes the period after the entry of final judgment, when otherwise the judgment rate of interest would apply.[1] Put differently, once the default judgment value is set, based on the calculation above, that value will accrue interest at 9%, vice the standard judgment interest rate.

## IV. RECOMMENDATION

---

[1] The applicable note default interest rate provision states, "interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the rate of 9% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of North Carolina, and further provided that such rate shall apply *after judgment*." [Doc. No. 1, Ex. 1] (emphasis added).
Under North Carolina law, the parties to a loan may contract in writing for the payment of interest at "any rate agreed upon by the parties where the principal amount is more than twenty-five thousand dollars ($25,000)." N.C. GEN STAT. § 24-1.1 (2009).

4

For the foregoing reasons, the Court recommends that judgment by default be entered in favor of Whorton against all defendants, pursuant to Rule 55 of the Federal Rules of Civil Procedure, in an amount to be determined upon the date of final judgment based on, the outstanding principal of $107,459.25, multiplied by the note's default interest rate of 9 % per annum, plus attorney's fees of $4,097.84, with additional interest at 9% per annum to accrue post judgment until the principal and interest are paid in full.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A District Judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 25, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Trawler Kelsey Nicole, Inc.
c/o Charles D. Sawyer, Jr.
PO Box 12800
New Bern, NC 28562

Charles D. Sawyer, Jr.
4451 Lowland Road
Lowland, NC 28552

Thomas S. Berkley, Esq.
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, Virginia 23510

Edward J. Powers, Esq.
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

November 25, 2009